IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARLON BACON<br>3721 North 17th Street<br>Philadelphia, PA 19140 | :<br>:<br>: | |
| | : | |
| Plaintiff, | :<br>: | JURY DEMANDED |
| v. | :<br>: | CASE NO. |
| MERAKEY<br>5429 Germantown Ave<br>Philadelphia, PA 19144 | :<br>:<br>: | |
| | : | |
| Defendant. | : | |

**CIVIL ACTION COMPLAINT**

And now Plaintiff, Marlon Bacon, by and through his undersigned counsel, files this Complaint alleging that his rights, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000d, et seq. ("Title VII"), have been violated and avers as follows:

**I. PARTIES**

1. Plaintiff, Marlon Bacon, hereinafter ("Plaintiff" or "Mr. Bacon"), is an adult individual residing at 3721 North 17th Street, Philadelphia PA 19140.

2. Defendant, Merakey, hereinafter ("Defendant") owns and operates a not-for-profit developmental, behavioral health and education provider facility with an office located at 5429 Germantown Avenue, Philadelphia PA 19144, where Plaintiff was employed.

3. At all times material hereto, Defendant was Plaintiff's employer acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

**II. JURISDICTION**

4. This civil action for gender discrimination, sexual harassment and retaliation is instituted pursuant to Title VII of the Civil Rights Act of 1964.

5. This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

6. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District.

7. Plaintiff exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act. (See Exhibit "A," a true and correct copy of a Dismissal and Notice of Rights from the EEOC).

### III. FACTS

8. In or around July 22, 2019, Defendant Merakey hired Mr. Bacon as a Site Director in Respondent's Behavioral Health Residential program, whose responsibility was to provide supervisory support to Residential Counselors at multiple residential sites.

9. Mr. Bacon was subjected to gender discrimination, sexual harassment and retaliation during his employment with Defendant.

10. On or around August 11, 2019, during Mr. Bacon's employment, his direct report Ms. Reading would touch him physically and violate his rights.

11. Mr. Bacon was Ms. Reading's supervisor.

12. In August of 2019, Mr. Bacon was doing interviews and his phone rang. He looked at his phone to see if it was an emergency and was disciplined by Ms. Alexander in front of the female interviewee about looking at his phone and to put it on vibrate or to silence it.

13. On or around September 19, 2019, during Mr. Bacon's employment, Ms. Reading physically touched him again.

14. During Mr. Bacon's time of employment, Ms. Reading would also look at him in a desirous way, making Mr. Bacon extremely uncomfortable.

15. Ms. Reading made direct comments to Mr. Bacon such as, "I would like to have some of that."

16. On numerous occasions, Ms. Reading would watch Mr. Bacon walk up and down the ramp at their worksite located at 1600 Rhawn Street, Philadelphia PA 19111.

17. Mr. Bacon reported Ms. Reading's behavior and sexual harassment that he was experiencing from her to Ms. Alexander.

18. Ms. Alexander took no action to stop Ms. Reading's behavior.

19. Ms. Alexander, told Mr. Bacon that, "I do not want to talk about it, and you need to work it out," and that she would not assist him.

20. Mr. Bacon had also asked Ms. Alexander for help with the transition into his role and how to deal with the older more seasoned employees that were fighting him on his directives and received no assistance.

21. Mr. Bacon worked in a primarily female staffed office.

22. Mr. Bacon's previous reports of misconduct to Ms. Alexander regarding other female staff were not taken seriously.

23. On October 2, 2019, Mr. Bacon was interviewing supervisor's that would report to him and during the interview Mr. Bacon addressed himself as a Program Manager.

24. Mr. Bacon was humiliated by Ms. Alexander correcting him in front of the person he was interviewing and in front of the other Program Director's, advising him of the difference between a Program Manager and a Program Director.

25. On or around October 2, 2019, two of the female Program Director's received calls and nothing was said by Ms. Alexander.

26. Ms. Alexander as well as the female Program Director's checked their phones on multiple occasions during the interviews we were conducting.

27. While employed by defendant, Mr. Bacon was questioned aggressively and disrespectfully about a missing van that was at the repair shop at the time by Ms. Alexander.

28. Mr. Bacon requested to have a red-carpet meeting with Paul Sachs regarding Ms. Alexander's harsh demeanor towards him.

29. Ms. Alexander refused to give Mr. Bacon the red-carpet meeting and informed him that Paul Sachs was too busy to see him.

30. Mr. Bacon then reported to Ms. Nalliah for approximately two weeks before being terminated on November 25, 2019.

31. Mr. Bacon's reason for termination was based on the complaints of staff and the situation with Ms. Alexander.

32. Mr. Bacon was aware of the complaints circulating amongst the other female staff, but the complaints were unfounded and based on gender discrimination.

33. For example, the other female staff called Mr. Bacon a bully, which was unwarranted.

34. Ms. Alexander told Mr. Bacon that his language was offensive when he spoke to female staff and when Mr. Bacon asked why; Ms. Alexander told him that he needed to figure this out.

35. On one other occasion, Mr. Bacon was forced to apologize to another female staff member for not supporting her.

36. Another time, Mr. Bacon showed up late to a meeting and when he tried to explain his lateness to Ms. Fanta Richardson, he was met with hostility.

37. Ms. Richardson would tell Mr. Bacon to do one thing and then when he did that, he was yelled at. It is clear from the above examples, that Mr. Bacon was singled out, treated differently and held to a different standard than the other female employees at Merakey.

38. Statements about Mr. Bacon telling female staff that he needed them to respect his role as their Program Director were part of the issue of him being called a bully.

39. Upon investigation of this matter after Mr. Bacon's filing of the EEOC Charge, Ms. Cotton found that Ms. Alexander did request Mr. Bacon to contact her when critical issues arose and that she did not have such a requirement for other directors

### IV. CAUSES OF ACTION

### COUNT I
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### DISPARATE TREATMENT

40. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

41. Plaintiff was subjected to disparate treatment in that he was discriminated against and/or treated differently in his employment with Defendant because of his gender.

42. Plaintiff suffered adverse employment actions as a result of this discrimination, among other things, he was terminated, disciplined for being the victim of sexual assault and harassment, was threatened for making complaints about the workplace, and was subject to unwarranted scrutiny.

43. These adverse employment actions-imposed burdens upon Plaintiff that would not be imposed upon female employees.

44. This willful, intentional, and unlawful sex discrimination violates the laws and regulations of the United States, including without limitation, 42 U.S.C. § 2000e, *et seq*. and require the imposition of punitive damages.

### COUNT II
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### HARASSMENT

45. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

46. Plaintiff had to endure pervasive and regular harassment from his co-workers and was retaliated against by management because he made complaints about unlawful gender-based harassment and discrimination.

47. This harassment detrimentally affected him in that, among other things he suffered physical pain, embarrassment, humiliation, emotional distress, and disruption to his life because of Defendant actions.

48. The harassment by his co-workers would detrimentally affect a reasonable person for all of the reasons stated herein, as the harassment and its results would cause decreased wages, pain, drying up, lost wages, and embarrassment and humiliation to a reasonable person.

49. The harassment of Plaintiff by Defendant's employees was willful and intentional.

50. Despite Plaintiff complaining about these issues to Defendant, no meaningful remedial action was taken with respect to the harassment.

51. This willful, intentional, and unlawful gender-based harassment and discrimination violates the laws and regulations of the United States, including without limitation, 42 U.S.C § 2000e, *et seq*. and requires the imposition of punitive damages.

**COUNT III**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**RETALIATION**

52. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

53. At set forth above, Plaintiff made complaints about sexual discrimination and harassing conduct in the workplace and as such, Plaintiff was engaged in protected activity under Title VII of the Civil Rights Act.

54. Defendant took adverse action against Plaintiff by terminating his employment.

55. As set forth above, Plaintiff' participation in protected activity was a motivating factor in Defendant decision to terminate his employment.

56. As such, Defendant decision to terminate Plaintiff's employment is a retaliatory action prohibited by the Civil Rights Act of 1964, §704(a).

57. As a proximate result of Defendant conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

58. As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

59. Pursuant to the Civil Rights Act of 1964, §704(a), 42 U.S.C. §2000e-3(a), *et seq.*, Plaintiff demands attorneys' fees and court costs.

## COUNT IV
### VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

60. Plaintiff incorporates all the preceding paragraphs as if they were set forth at length herein.

61. Based on the foregoing, Plaintiff alleges that Defendant violated the Pennsylvania Human Relations Act ("PHRA") by subjecting him to discrimination on the basis of his gender.

62. Plaintiff further alleges that Defendant violated the PHRA by retaliating against Plaintiff for his making complaints of sexual harassment and discrimination.

63. Defendant's conduct caused Plaintiff to sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

64. As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

65. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* Plaintiff demands attorneys' fees and court costs.

## IV. RELIEF REQUESTED

**WHEREFORE**, Plaintiff, Marlon Bacon demands judgement in favor and against Defendant, Merakey, in an amount in excess of $150,000.00 together with:

A. Compensatory damages for: including, but not limited to: emotional distress, pain and suffering, personal injury damages, economic loss, lost wages and benefits, lost future earnings and lost future earning capacity;

B. Punitive damages;

C. Treble damages;

D. Attorney's fees and costs of suit;

E. Interest, delay damages; and,

F. Any other further relief this Court deems just proper and equitable.

Date: <u>September 28, 2021</u>　　　　　　**LAW OFFICES OF ERIC A. SHAORE, P.C.**

　　　　　　　　　　　　　　　　　BY: */s/ Mary LeMieux-Fillery*
　　　　　　　　　　　　　　　　　Mary LeMieux-Fillery, Esquire
　　　　　　　　　　　　　　　　　Two Penn Center, Suite 1240
　　　　　　　　　　　　　　　　　1500 John F. Kennedy Boulevard
　　　　　　　　　　　　　　　　　Philadelphia, PA 19102
　　　　　　　　　　　　　　　　　Telephone: 267-546-0132
　　　　　　　　　　　　　　　　　Telefax: 215-944-6124
　　　　　　　　　　　　　　　　　Email: maryf@ericshore.com
　　　　　　　　　　　　　　　　　*Attorney for Plaintiff, Marlon Bacon*

**VERIFICATION**

I, Marlon Bacon, verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief.

I understand that false statements herein made are subject to penalty of law, relating to unsworn falsification to authorities.

Date: 09/28/2021            BY: _____
                                Marlon Bacon